UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAMON J. WRIGHT, | ) Case No. 5:16CV2732 |
| Petitioner, | ) |
| | ) JUDGE DONALD NUGENT |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| MARK HOOKS, | ) |
| Warden, | ) |
| Respondent. | ) REPORT AND RECOMMENDATION |

Before the court is the petition of Ramon Wright for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Wright*, Case No. CR-95-10-2828(A) (Summit County November 20, 1996). (R. 8, RX 9.)

Wright filed the petition arising out of his 1996 conviction for aggravated murder, attempted aggravated murder, aggravated burglary, and aggravated arson, in the Summit County (Ohio) Court of Common Pleas. In his petition, Wright raises four grounds[1] for relief:

1. Petitioner's sentence and conviction are contrary to clearly established law.

2. The Court of Appeals' failure to vacate petitioner's pre- and post-Apprendi, Blakely, and Booker sentence constitutes plain error.

---

[1] Wright filed a Traverse and attempted to raise an additional claim concerning his sentencing. (R. 9, PageID #: 457.) Wright cannot present new grounds in his Traverse. *See, e.g.*, *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005), *cert. denied*, 547 U.S. 1074 (2006) (citing cases); *Jenkins v. Welch*, No. 4:09CV637, 2010 WL 1948297, at *15 (N.D. Ohio Apr. 26, 2010). In addition, Wright's new sentencing claim is barred by the applicable statute of limitation for the same reasons as the claims raised in his petition. *See infra.*

3. The trial court committed prejudicial error when it instructed the jury in a manner that relieved the state of its burden of proof.

4. The petitioner is entitled to relief from unconstitutional parole policy, procedure and practice of elevating sentence beyond a prescribed range pursuant to § 2241.

(R. 1, PageID #: 5, 7-8, 10.)

The respondent has filed a motion to dismiss (R. 8), Wright has filed a Traverse (R. 9), and the respondent filed a Reply Brief (R. 10).

The respondent's motion to dismiss argues the petition is barred by the applicable statute of limitations. (R. 8, PageID #: 51, 57-60.) For the following reasons, the magistrate judge recommends that the petition be DISMISSED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals provided the following background:

Wright was convicted of two counts of aggravated murder with death specifications, in violation of R.C. 2903.01(B) and R.C. 2929.04(A)(5); one count of attempted aggravated murder, in violation of R.C. 2923.02; one count of aggravated burglary, in violation of R.C. 2911.11(A)(3); and one count of aggravated arson, in violation of R.C. 2909.02(A)(1). A death sentence was not imposed.

\* \* \* \* \* \*

. . . there was testimony at trial that Wright forcefully entered a house and, knowing there were individuals inside, proceeded to walk around that house setting fire to various items with a lighter. There was testimony that prior to entering the house, Wright cut the phone wires, thereby preventing the victims inside from calling for help. There was also testimony that as Wright drove away from the scene, fire could be seen inside the house through a window.

(R. 8, RX 14, PageID #: 164, 166; *State v. Wright*, No. 18261, 1998 WL 65481, at \*1 (Ohio Ct. App. Feb. 4, 1998).)

2

On December 18, 1996, Wright filed a timely notice of appeal of his conviction. (R. 8, RX 10.) In his merit brief, he raised the following assignments of error:

> 1. The prosecution failed to adduce sufficient evidence to satisfy the "specific intention" element of the offense of aggravated murder.
>
> 2. The prosecution violated the "Batson Rule" in excluding potential jurors solely on the basis of race.

(R. 8, RX 11, PageID #: 107.)

The state court of appeals overruled his assignments of error, and affirmed the judgment of the trial court on February 4, 1998. (R. 8, RX 14; *Wright*, 1998 WL 65481.) Wright failed to appeal that decision to the Supreme Court of Ohio.

Wright took no further action until October 1, 2009, nearly thirteen years after his conviction, when Wright filed a motion for leave to file a delayed motion for a new trial. (R. 8, RX 15.) The trial court denied his motion for leave, finding it to be "more than ten years untimely," and "a rehash of issues previously raised and ruled upon." (R. 8, RX 20.) Wright failed to appeal this ruling to the state court of appeals.

In the last several years, Wright has filed a number of unsuccessful post-conviction motions, which need not be set forth in detail here. *See generally* R. 8, RX 21, 25, 30, 34, 35, 38, 41, and 48; *see also* R. 8, PageID #: 54-57.

Wright filed a petition for a writ of habeas corpus in this court on November 4, 2016. (R. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal

3

courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Wright has filed his petition *pro se*. The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed *pro se*. *McNeil v. United States*, 508 U.S.

4

106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### III. STATUTE OF LIMITATIONS

The respondent argues that the petition should be dismissed as untimely filed. (R. 8, PageID #: 51, 57-60.)

The AEDPA[2] requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become final. *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For petitioners who do not pursue direct review all the way to the United States Supreme Court, the judgment becomes final at the "expiration of the time for seeking such review," that is, when the time for seeking direct review in state court expires, or the time allowed (90 days) for filing for certiorari expires.[3] *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In other words, "for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez*, 565 U.S. at 137.

Here, the state court of appeals affirmed Wright's conviction on February 4, 1998. (R. 8, RX 14; *Wright*, 1998 WL 65481.) Wright did not seek timely review by the Ohio Supreme Court

---

[2] Wright mentions that the AEDPA had not been passed when he was indicted in October 1995. (R. 9, PageID #: 456; R.1, memorandum in support, PageID #: 30.) This is of no consequence, in his case. The limitations period in the AEDPA applies to those petitioners whose convictions became final after its passage on April 24, 1996. *See, e.g.*, *Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004), *cert. denied,* 543 U.S. 865 (2004); *Turner v. Smith*, 70 F. Supp. 2d 785, 787 (E.D. Mich. 1999). As discussed below, Wright's conviction became final in March 1999.

5

within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1). Thus, Wright' conviction became final within the meaning of AEDPA on March 22, 1998. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012), *cert. denied*, 133 S.Ct. 141 (2012); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir.), *cert. denied*, 534 U.S. 905 (2001). Accordingly, the statute of limitations for filing his habeas petition ordinarily would have expired one year later, on March 22, 1999. 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005); *Searcy*, 246 F.3d at 517-518; 28 U.S.C. § 2244(d)(2). Although filing a collateral motion may toll the running of a pending, unexpired one-year limitations period, *Souter*, 395 F.3d at 585, it will not "revive" the statute, or cause it to begin running anew. *Hill v. Randle*, No. 00-4168, 2001 WL 1450711, at *2 (6th Cir. Nov. 7, 2001); *Searcy*, 246 F.3d at 519; *Leon v. Bradshaw*, No. 1:05CV875, 2006 WL 1624430, at *4 (N.D. Ohio June 6, 2006).

The limitations period in this case ran until March 22, 1999. Wright filed a motion for leave to file a delayed motion for a new trial on October 1, 2009. (R. 8, RX 15.) However, the habeas statute of limitations had expired more than ten years earlier, in 1999. Wright's motion would not revive the statute, and his habeas petition is untimely.

### IV.  PETITIONER'S PROCEDURAL DEFAULT ARGUMENT IS MISPLACED

Wright urges the court to address the merits of his petition despite his untimely filing, on two theories. First, he argues that his untimely filing should be excused because he can demonstrate cause for his procedural default. (R. 9, PageID #: 454; R. 1, memorandum in

---

[3] A habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari

6

support, PageID #: 16.) Wright, however, is confusing procedural default with his failure to meet the statute of limitations for filing his federal petition for habeas corpus.

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, a habeas claim may also be defaulted by failing to raise a claim in state court and failing to pursue the claim through the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). Here, the respondent is not moving to dismiss the petition based on procedural default. Respondent is not arguing that Wright failed to comply with any state procedural rule or failed to exhaust his federal claims, as presented in his habeas petition, in state court. Rather, the respondent contends that Wright failed to file his federal habeas petition within the one-year federal statute of limitations. (R. 8, PageID #: 57-60; *see generally* 28 U.S.C. § 2244(d)(1)(A).)

Therefore, Wright's argument that a showing of cause can save his procedurally defaulted petition is mistaken and unavailing.

## V. EQUITABLE TOLLING

Second, Wright urges the court to apply equitable tolling to save his untimely petition. (R. 1, memorandum in support, PageID #: 16-17.)

The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010). However, Wright bears the burden of persuading the court that he is entitled to equitable tolling. *Connolly v. Howes*, No. 04-2075, 2008 WL 5378012, at *4 (6th Cir. Dec. 23, 2008); *Griffin v. Rogers*, 308

---

period. *Lawrence v. Florida*, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

7

F.3d 647, 653 (6th Cir. 2002); *Day v. Konteh*, No. 1:08CV0212, 2009 WL 3321388, at *10 (N.D. Ohio Oct. 13, 2009).

To benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335. The Sixth Circuit has recently recognized that, "under the test articulated by the Supreme Court in *Holland*, a habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750 (6th Cir. 2011), *cert. denied*, 133 S.Ct. 187 (2012).

The Sixth Circuit concluded, "*Holland*'s two-part test has replaced *Dunlap*'s five-factor inquiry[4] as the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling." *Hall*, 662 F.3d at 750; *see also Patterson v. Lafler*, No. 10-1379, 2012 WL 48186, at *2 (6th Cir. Jan. 9, 2012) (*Holland* is relevant test). Sixth Circuit case law has consistently held that circumstances justifying equitable tolling are rare. *Hall*, 662 F.3d at 749 (equitable tolling granted "sparingly"); *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000) (rare and exceptional).

Wright has not demonstrated that he has been pursuing his claims diligently. He did not appeal his conviction to the state supreme court, and he did not file any other motion or petition challenging his conviction until October 2009, when he filed a motion for leave to file a delayed motion for new trial, nearly thirteen years after his conviction. (R. 8, RX 15.) In addition, Wright

---

[4] *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

8

has not demonstrated that any extraordinary circumstances prevented him from filing his petition within the governing one year limitations period.

For the foregoing reasons, Wright has not satisfied the burden demonstrating that his situation is among those rare and exceptional cases that would be entitled to equitable tolling.

## VI. SECTION 2244(d)(1)(C) and (D)

Although Wright, as a *pro se* petitioner, does not specifically argue Section 2244(d)(1)(C) or (D)[5], his contentions could be viewed as an argument that he should be entitled to a later start date of the limitations period under either section. Wright argues that the U.S. Supreme Court sentencing cases *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 543 U.S. 220 (2005)), which resulted in the change in Ohio sentencing law expressed in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), *cert. denied*, 549 U.S. 979 (2006), were unavailable to him at the time of his appeal. He, thus, argues his untimely petition should be allowed to go forward. (R. 9, PageID #: 455-456; R. 1, memorandum in support, PageID #: 20.)

The habeas statute provides that the one-year limitation period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[5] Wright does cite 28 U.S.C. § 2244(d)(1)(B) at one point. (R. 1, memorandum in support, PageID #: 16.) Section 2244(d)(1)(B), however, is inapplicable because it concerns a state-created impediment to a timely filing. Wright does not argue that state action prevented him from timely filing his habeas petition; thus Section 2244(d)(1)(B) does not apply. *See, e.g., Keeling*, 673 F.3d at 461; *Winkfield v. Bagley*, No. 02-3193, 2003 WL 21259699, at *4 (6th Cir. May 28, 2003), *cert. denied,* 540 U.S. 969 (2003); *Johnson v. McDonough*, 480 F. Supp. 2d 1309, 1312 (S.D. Fla. 2007), *aff'd*, 513 F.3d 1328 (11th Cir.), *cert. denied,* 555 U.S. 851 (2008).

9

collateral review." 28 U.S.C. § 2244(d)(1)(C). *See, e.g.*, *Tyler v. Cain*, 533 U.S. 656, 677 (2001) (Breyer, J., dissenting); *Outlaw v. Sternes*, 233 F.3d 453, 455 (7th Cir. 2000). This provision is inapplicable here for two reasons: 1) the *Foster* case was decided by the Ohio Supreme Court, not the U.S. Supreme Court, and 2) the underlying *Blakely* decision does not apply retroactively to cases on collateral review, that is, after a conviction has become final on direct appeal.[6] *See Schriro v. Summerlin*, 542 U.S. 348, 358 (2004) (new procedural rule does not apply retroactively to cases already final on direct review); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied*, 546 U.S. 885 (2005)).

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The limitations period under Section 2244(d)(1)(D) does not begin "when a prisoner actually understands what legal theories are available." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). *Accord Townsend v. Lafler*, No. 02-2151, 2004 WL 1098757 (6th Cir. May 14, 2004), *cert. denied*, 543 U.S. 1062 (2005). Rather, the year "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Id. See also Earls v. Hernandez*, 403 F.Supp.2d 985, 989 (C.D. Cal. 2005) (citing cases).

To benefit from Section 2244(d)(1)(D), the habeas petition must be filed within one year from the date of the discovery. *Coldiron v. Timmerman-Cooper*, No. 3:04cv7750, 2007 WL 1813201, at *4 (N.D. Ohio June 19, 2007) (citing *DiCenzi v. Rose*, 419 F.3d 493, 497-500 (6th Cir. 2005)); *Mosley v. Petro*, No. 5:04CV726, 2006 WL 2640958, at *5 (N.D. Ohio Sept. 13,

---

[6] Similarly, the change in Ohio sentencing law is applicable only to those cases pending on direct review. *Minor v. Wilson*, No. 05-3534, 2007 WL 106771, at *6 n.1 (6th Cir. Jan. 17, 2007); *Foster*, 109 Ohio St.3d at 31, 845 N.E.2d at 499 (citing *Booker*, 543 U.S. at 268).

10

2006). The issue is when Wright could have learned of the sentencing cases had he exercised reasonable care. *See, e.g.*, *Townsend*, 2004 WL 1098757, at *2. The court is comfortable ruling that Wright could have learned of the sentencing cases, the most recent of which was decided in 2006, long before his petition was filed ten years later, in November 2016. Section 2244(d)(1)(D) does not save his untimely petition.

## VII. CONCLUSION

After carefully considering the parties' filings and the governing law, it is recommended that the respondent's motion to dismiss (R. 8) should be granted. The statute of limitations expired in March 1999. Therefore, Wright's petition filed on November 4, 2016, was untimely.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date: June 22, 2017

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).