IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAMON J. WRIGHT, | CASE NO. 5:16-CV-2732 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| vs. | |
| MARK HOOKS, WARDEN, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Respondent. | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz. The Report and Recommendation (ECF #11) is hereby ADOPTED.

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 4, 2016, challenging his 1996 convictions for aggravated murder, attempted aggravated murder, aggravated burglary, and aggravated arson, entered by the Summit County Court of Common Pleas. (ECF #1). Petitioner raised four grounds for relief:

1. Petitioner's sentence and conviction are contrary to clearly established law;

2. The Court of Appeals' failure to vacate Petitioner's pre- and post-*Apprendi*, *Blakely* and *Booker* sentence constitutes plain error;

3. The trial court committed prejudicial error when it instructed the jury in a manner that relieved the state of its burden of proof; and

4. The Petitioner is entitled to relief from unconstitutional parole policy, procedure and practice of elevating sentence beyond a prescribed range

---

[1] The Antiterrorism and Effective Death Penalty Act of 1992 (hereafter "AEDPA").

pursuant to § 2241. (See ECF #1).

Respondent Mark Hooks filed a Motion to Dismiss the Habeas Petition as time-barred. (ECF #8). Petitioner filed a Response. (ECF #9) and Respondent filed a Reply in support. (ECF #10).

Magistrate Judge Ruiz found that Petitioner's writ is time-barred, and recommends that such petition be DISMISSED. The Court adopts the Magistrate's recommendations for the reasons set forth below.

I. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, de novo. See *Dacas Nursing Support Sys., Inc. v. NLRB*, 7 F.3d 511 (6th Cir. 1993).

II. Statute of Limitations

As Magistrate Ruiz outlined, the AEDPA provides this Court with the standard of review to apply when considering applications for a writ of habeas corpus. The AEDPA requires a state prisoner seeking such a writ to file his petition within one year after his state conviction becomes final. *Carey v. Saffold*, 536 U.S. 214, 216 (2002)(citation omitted). The Magistrate correctly determined that the state court of appeals affirmed Petitioner's conviction on February 4, 1998, and that Petitioner's conviction became final within the meaning of the AEDPA on March 22, 1998. Therefore, the Magistrate found that "the statute of limitations for filing his habeas petition ordinarily would have expired one year later, on March 22, 1999." (ECF #11, p. 6)(citing 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file his "Motion for Leave to File a Delayed Motion for New Trial" until October 1, 2009, which is more than 10 years past the statute of limitations period. For this reason, the Magistrate finds Petitioner's habeas petition untimely, and this Court agrees.

III.    Additional Bases for Dismissal

This Court also agrees with the Magistrate's recommendation that the untimely filing of Petitioner's writ should not be excused due to a claimed procedural default, nor should it be saved through equitable tolling principles. Similarly, to the extent that Magistrate Judge Ruiz implied Petitioner's reliance upon 28 U.S.C. § 2244(d)(1)(C) or (D) to argue he is entitled to a later start date of the limitations period, this Court agrees that Petitioner "could have learned of the [newly decided] sentencing cases...long before his petition was filed ten years later...Section 2244(d)(1)(D) does not save his untimely petition." (ECF #11, p. 11).

Finally, in his Objections to the Report and Recommendation, Petitioner argues that the indictment is flawed, and therefore, the trial court had no subject matter jurisdiction over him.

(ECF #12). Petitioner argues that the grand jury foreman did not sign the indictment, and such failure to sign voids the indictment. Petitioner asks that this Court dismiss his felony convictions on this basis.

Assuming *arguendo* that the signature Petitioner refers to is missing or flawed in some manner, that does not provide sufficient grounds to render an indictment invalid. The Supreme Court has ruled that "the responsibilities of a federal grand jury foreman are essentially clerical in nature...Even the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment." *Hobby v. United States*, 468 U.S. 339, 344-45 (1984). The United States and State of Ohio rules governing the duties of grand jury forepersons are identical. Therefore, the failure of the grand jury foreperson to sign Petitioner's indictment "would not be an error of the constitutional magnitude" required to find the trial court lacked jurisdiction over Petitioner. *See Verdi v. State of Ohio, Erie County*, 34 F.3d 1077 (Ct. App. 10th Cir., Sept. 1, 1994).

IV. Conclusion

This Court has reviewed the Report and Recommendation of this case de novo, *see Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993), and has considered all of the pleadings, affidavits, motions, and filings of the parties. The Court finds Magistrate Judge Ruiz's Report and Recommendation to be thorough, well-written, well-supported and correct. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge in its entirety.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(C); Fed. R. App. P. 22(b).

Therefore, the Report and Recommendation of Magistrate Judge David A. Ruiz, (ECF #11), is ADOPTED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: September 20, 2017